# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                       Case No. 06-CR-223

**TIMOTHY MILTON, et. al.,**

        **Defendants.**

## ORDER

On September 11, 2006, Theartis Milton ("Milton") was charged along with twelve others in a criminal complaint alleging that they conspired to distribute more than one kilogram of heroin resulting in death or serious bodily injury, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, § 2. On September 19, 2006, the grand jury returned a twenty-two count indictment against twelve defendants, including Milton.

On October 10, 2006, this court denominated the case as complex and suspended the motion schedule. On November 21, 2006, the court set a motion schedule and on January 22, 2007, Milton filed five discovery related motions. The government has not responded to any of these motions. As provided in Criminal L.R. 16.1(a), the government need not respond to any motion for discovery that fails to meet the requirements of the local rule.

The defendant's motions for disclosure of co-conspirators' statements and disclosure of expert witnesses fall under Fed. R. Crim. P. 16. Therefore, Milton was required to comply with the requirements of the local rule, but Milton has failed to do so. Therefore, this court is unable to consider the defendant's motions, and they shall be denied.

The defendant also filed a motion for disclosure of Brady material. However, Brady is a disclosure obligation of the government that exists regardless of a court's order. See United States v. Higgins, 75 F. 3d 332, 335 (7th Cir. 1996). Therefore, the defendant's motion requires no action by this court and will be denied as moot.

Milton has also requested that this court order that all Jencks Act material be disclosed not less than ninety-days before trial in order to facilitate a more orderly trial and eliminate the need to requests for adjournment during which defense counsel may review materials. In accordance with its standard procedures, the court has previously ordered that all grand jury materials be disclosed not less than one business day before the jury trial is scheduled to begin. (Docket No. 34.) Other witness statements may be available pursuant to open file discovery. Notwithstanding, this has been denominated as a complex case. (Docket No. 76). Therefore, the court believes that some additional time to review Jencks Act material, including grand jury materials, is warranted. Milton's reasons to support a ninety-days before trial disclosure are too general to be persuasive. The court will require the government to disclose such materials no later than the final pretrial conference. Therefore, Milton's motion shall be granted, but modified.

Milton has also requested that the court order that all rough or handwritten notes of investigators and attorneys relating to this case on the basis that such notes may be subject to disclosure under Brady or otherwise discoverable. This is a reasonable request, and the court has not been presented with any reason why the defendant's motion should not be granted. Therefore, the defendant's motion shall be granted.

**IT IS THEREFORE ORDERED** that Milton's motion for disclosure of expert witness testimony (Docket No. 84) and motion for disclosure of co-conspirator's statements (Docket No. 86) are **denied** for the defendant's failure to comply with Criminal L.R. 16.1(a).

**IT IS FURTHER ORDERED** that Milton's motion for release of <u>Brady</u> materials (Docket No. 83) is **denied as moot**.

**IT IS FURTHER ORDERED** that Milton's motion for disclosure of Jencks Act material ninety-days before trial (Docket No. 85) is **granted**, but the disclosure shall be made no later than the date for the final pretrial conference.

**IT IS FURTHER ORDERED** that Milton's motion for the preservation of investigative officer's rough notes (Docket No. 87) is **granted**.

Dated at Milwaukee, Wisconsin this <u>19th</u> day of March, 2007.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge